# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JED MARGOLIN,**

**Plaintiff,**

-vs-                                                    Case No.  6:12-mc-47-Orl-28DAB

**NATIONAL AERONAUTICS AND SPACE
ADMINISTRATION,**

**Defendant.**
_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF JED MARGOLIN'S MOTION FOR WRIT OF EXECUTION AGAINST NASA (Doc. No.  2)** |
| **FILED:** | **April 24, 2012** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **PLAINTIFF'S MOTION REQUESTING PERMISSION TO REGISTER FOR CM/ECF (Doc. No.  3)** |
| **FILED:** | **April 24, 2012** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

      On November 4, 2011, the United States District Court of the District of Nevada[1] entered a

judgment taxing costs of $525 against Defendant National Aeronautics and Space Administration

---

[1]Margolin v. NASA, Case No. 3:09-cv-421-LRH-VPC (D. Nev. 2011).

(NASA) arising out of Plaintiff's Freedom of Information Act ("FOIA") claims. Doc. 1-1. Plaintiff

sought to recover, and the district judge in Nevada awarded, his taxable costs of litigation from NASA

funds as a prevailing party under the Openness Promotes Effectiveness in the National Government

Act of 2007 ("OPEN Government Act"). Pub. L. 110-175, 121 Stat. 2424 (2007).

Under the OPEN Government Act, a FOIA requester may be deemed to have substantially

prevailed (and thus may be entitled to attorney fees and taxable costs) under the "catalyst" theory, *i.e.*,

if his lawsuit resulted in a voluntary or unilateral change in position by the agency and if his claim is

not insubstantial. OPEN Government Act § 4 (amending 5 U.S.C. § 552(a)(4)(E)); 5 U.S.C.

§ 552(a)(4)(E)(i) ("The court may assess against the United States reasonable attorney fees and other

litigation costs reasonably incurred in any case under this section in which the complainant has

substantially prevailed.").

Plaintiff's attempts to contact NASA to receive payment of the $525 judgment in January 2012

went unanswered. On February 6, 2012, Plaintiff filed in the District of Nevada a Motion to Compel

NASA to Disclose Assets in the State of Nevada and a Motion Requesting NASA be held in Contempt.

Doc. 2. NASA's response stated that:

> This Court awarded Plaintiff $525.06 in costs in an order dated November 3, 2011.
> (#73). NASA had 60 days to appeal from that order. F.R.A.P. 4(a) (giving federal
> agency 60 days to file notice of appeal). NASA did not complete its evaluation of
> whether to appeal from the judgment awarding Plaintiff costs until early January 2012.
> (Vance Dec. ¶ 4). Moreover, the government generally requires at least eight weeks
> to process a judgment for payment. (Vance Dec. ¶ 5). Given the 60-day appeal time
> and the eight-week period to process the judgment for payment, NASA anticipates that
> Plaintiff will be paid in March 2012. (Vance Dec. ¶ 6). *Because NASA fully intends
> to pay Plaintiff*, there is no need to require NASA to disclose its Nevada assets.

Doc. 2.

When Plaintiff still did not receive payment as of April 26, 2012, Plaintiff registered the cost

judgment in this Court and filed a Motion for writ of execution against NASA. Docs. 1, 2. Plaintiff

specifically chose to file his Motion in this Court because "it is publicly known that NASA has assets in the Middle District of Florida," including "the Space Shuttle Atlantis" and Plaintiff seeks to execute the writ for his $525 judgment "lest NASA move the Atlantis before it can be seized by the U.S. Marshal." Doc. 2 at 4.

Plaintiff seeks to execute a writ on assets at NASA's Kennedy Space Center through this Motion for Writ of Execution, however, Plaintiff fails to provide any authority in this Motion that establishes a right to execute a writ on a federal agency such as NASA. Moreover, § 552(a)(4)(E) provides for the assessment of costs and "[a]ny such amounts shall be *paid only from funds annually appropriated for any authorized purpose* for the Federal agency against which a claim or judgment has been rendered." Pub. L. 110-175, 121 Stat. 2425 (2007) (emphasis added). The law itself says nothing of allowing payment via writ of execution on agency assets.

It is respectfully **RECOMMENDED** that the Plaintiff's Motion for Writ of Execution be **DENIED**. Plaintiff's recourse (if any) is in the Nevada District Court to enforce the judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 11, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy